No. 67,251

In the Matter of DIANE HENSLEY-MARTIN, *Respondent.*

(825 P.2d 530)

Opinion filed February 28, 1992.

*Bruce E. Miller,* disciplinary administrator, and *Paula B. Martin,* deputy disciplinary administrator, were on the formal complaint for the petitioner.

No appearance by respondent.

*Per Curiam:* This is an original proceeding in attorney discipline filed by the disciplinary administrator against Diane Hensley-Martin, an attorney admitted to the practice of law in Kansas.

The complaint filed against respondent grows out of a final adjudication in Colorado that respondent was guilty of professional misconduct. The complaint is filed under Supreme Court Rule 202 (1991 Kan. Ct. R. Annot. 142) and alleges respondent violated Supreme Court Rule 207 (1991 Kan. Ct. R. Annot. 149); DR 1-102(A)(1), (A)(5), and (A)(6) (1991 Kan. Ct. R. Annot. 174); DR 2-110(A)(2) (1991 Kan. Ct. R. Annot. 189); DR 5-101(A) (1991 Kan. Ct. R. Annot. 194); DR 5-105(B) (1991 Kan. Ct. R. Annot. 195); DR 5-107(B) (1991 Kan. Ct. R. Annot. 196); DR 6-101(A)(2) and (A)(3) (1991 Kan. Ct. R. Annot. 199); DR 7-104(A)(1) (1991 Kan. Ct. R. Annot. 205); and DR 9-102(B)(4) (1991 Kan. Ct. R. Annot. 216).

The respondent appeared in person at the disciplinary hearing and admitted all of the allegations in the complaint.

The disciplinary panel found the respondent guilty of violating all of the disciplinary rules alleged in the complaint.

Respondent filed no exceptions and did not appear at oral argument.

The Court, having considered the record and the report and recommendation of the disciplinary hearing panel, accepts and concurs in the findings, conclusions, and recommendations of the disciplinary hearing panel with the exception that suspension shall commence on the date of this opinion rather than on August 20, 1990.

IT IS THEREFORE ORDERED that Diane Hensley-Martin be and she is hereby disciplined by suspension from the practice of law in the State of Kansas for a period of two years commencing on the date of this opinion, all in accordance with Supreme Court Rule 203(a)(2) (1991 Kan. Ct. R. Annot. 143), for her violations of the disciplinary rules of the Supreme Court.

IT IS FURTHER ORDERED that respondent shall comply with the provisions of Supreme Court Rule 218 (1991 Kan. Ct. R. Annot. 163), that she shall pay the costs of this proceeding, and that this order shall be published in the official Kansas Reports.